## Isaac D. Sweat vs. Peter Hall.

Rutland,
February,
1836.

A promissory note, executed by a husband to his wife, during coverture, is void, and can not be enforced, even for the benefit, and in the name of a third person, to whom the husband has afterwards promised to pay it.

This was an action on note, made payable to Margaret Hall or bearer, and sued in the name of Sweat the bearer. The note in question was given, to take up a note given originally to Margaret Hall, the wife of Peter Hall; and the plaintiff offered evidence, tending to prove, that the note was given for the separate and individual property of the said Margaret, which came to her during coverture—that at the time the first note was given, the defendant expressed his wish and intention so to do the business, that the said Margaret would have the entire control of the said note, and that he, the defendant, in taking the property for which said note was given, intended to take it only as the agent of said Margaret. The defendant also offered evidence tending to prove that at the time of making the

RUTLAND,
February,
1836.

Sweat
vs.
Hall.

second note in substitution of the first, that the same intention was expressed by the defendant. That Margaret Hall had always had the keeping of the note, either by herself or by some friend. That prior to the decease of said Margaret, the note had passed into the possession of and became the property of the present plaintiff; and that after the note was in possession of the plaintiff, the defendant promised to pay the same to him, which promise was made after the death of the said Margaret. This evidence was rejected by the court. Whereupon the plaintiff became non-suit with leave to move in the supreme court that the same be set aside. It appeared that when both the notes mentioned above were given, the said Margaret Hall was the lawful wife of the defendant.

*Argument for plaintiff.*—The case shows that the property in question was always treated by the husband as the separate property of the wife, and that she intended it should be hers.

Equity will protect the separate property of the wife.—Reeve's Domestic Relations p. 91.

At all events, the husband was under a strict moral obligation to permit the wife to have the entire separate control and use of this property. Under such circumstances the moral obligation was a sufficient consideration for an express promise.—4 Vt. R. 572.

*Argument for defendant.*—The defendant insists that as the note in question was executed by the defendant to Margaret Hall, the payee, during her coverture with him, it was absolutely void. That a *feme* during her coverture has no will of her own, no power to contract.—D. Chip. R. p. 300, *Ward* vs. *Morrill and Ward.*

2. That although the defendant received of said Margaret the amount of said note in money at the time it was executed, yet by virtue of his marriage to her, the money was his own ; there was therefore no consideration for the promise declared on.—Reeve's Domestic Relations, p. 1, 86, 88, 89.

3. That the defendant has a right to make any defence which he could have made if the action had been in the name of Margaret Hall.—Stat p. 144.

The opinion of the court was delivered by

PHELPS, J.—This is the case of a promissory note, executed by a husband to his wife, during coverture, and the question is, Is it valid ?

It is a general rule that husband and wife are incapable of con-

tracting with each other during coverture, and we are not aware of any case, in which such a contract can be enforced at law.

RUTLAND,
February,
1836.

Sweat
vs.
Hall.

There are, indeed, cases where such a contract would be enforced in equity, as where it is in compliance with an antenuptial agreement. And it is possible, that, even in this case, if the consideration of the note were the separate property of the wife, that chancery would enforce the contract.

But at law, the personal property of the wife vests absolutely in the husband upon the marriage ; and no contract, made during coverture, would be regarded, except so far as it might result from an antenuptial agreement, which the law would recognize.

An agreement made between husband and wife, before marriage, will sometimes be enforced after the coverture is determined, as where the contract is entered into, in contemplation of marriage, and with a view to secure to the wife a benefit, to be enjoyed after the coverture ceases. Such was the case of *Palmer* vs. *Newell*, decided in Chittenden county, where an agreement of this kind, intended to secure to the wife her separate estate, was enforced, after her decease.

But in this case, the contract, if sustained and enforced at all, must be so, upon the ground that it is good and valid in itself, and upon the general capacity of the husband and wife to contract with each other. There is no such capacity, except under peculiar circumstances, which do not exist here, and the note can not be supported.

Nor can the after promise of the defendant vary the case ; as the note, being absolute void, can not be set by any after recognition. Such a promise might confirm a *voidable* security, or amount of a waiver of some particular ground of defence.

Whether, if the declaration had counted upon the subsequent promise as the principal ground of recovery, the case would have presented a different consideration to sustain the promise, is a question which we are not called upon to decide.

Judgment affirmed.