### ELIZABETH O. JACKSON *vs.* THOMAS B. PARKS, Executor.

No action lies by a widow against the executor of her husband, to recover the amount of a promissory note given to her by the husband during coverture, although the consideration was money owned by the wife at their marriage, and although the husband by his will gave his wife the amount of said note, with other property, but which provision she waived and claimed her legal dower.

ASSUMPSIT on two promissory notes, made by Ward Jackson, the defendant's testator, and husband of the plaintiff, and payable to her order.    The writ also contained the money counts.    The notes were given during coverture, and for money owned by Mrs. Jackson, at the time of marriage with said Ward Jackson, and both amounted to the sum of nine hundred dollars.    By his will said Jackson gave his wife " the sum of nine hundred dollars, which she brought me, with interest on the same, at six per cent., together with all the furniture which formerly belonged to her."    The will also contained a bequest of five hundred dollars, and a devise to the wife of a life-estate in a dwelling-house.    The plaintiff waived the provisions of the will, and had her dower assigned to her out of her husband's estate.

The case was submitted to this court upon an agreed state-ment of facts, of which the foregoing are alone material to the final decision of the case, with an agreement that if the action could be maintained, the defendant was to be defaulted; otherwise, the plaintiff to become nonsuit.

*W. Dehon*, for the plaintiff.

*A. H. Fiske*, for the defendant.

DEWEY, J.   The defendant, the executor of Ward Jackson, deceased, denies any legal liability on the part of his testator to pay the promissory notes sought to be recovered in this action.   They are promissory notes given by the testator dur-

ing coverture, and made payable directly to his wife, the present plaintiff.

It is admitted that the consideration of these notes was money that the wife was possessed of at the time of the intermarriage with said Ward Jackson, but the notes were given subsequently to the marriage, and at different periods. The defence rests upon the broad ground of legal incapacity of a party standing in the relation of husband, to make a binding contract directly with his wife, to pay her a sum of money at a future day. The general principle is often stated that the law considers the husband and wife as but one person, and that they cannot enter into a contract with each other, legally binding, or capable of being enforced in a court of law. Such is the doctrine of Littleton; Co. Litt. 112 *a*; Bac. Ab. Baron & Feme C. A husband cannot make a deed to his wife, and a promise to her is void, as held by chancellor Kent. *Shepard* v. *Shepard*, 7 Johns. Ch. Rep. 60.

These principles have been often applied, and seem decisive as to the power of the husband to enter into a valid contract for payment of money to his wife. The only plausible ground for sustaining the action is, that the sum named in these notes was by force and effect of the execution of these notes, set apart by the husband as the separate property of the wife, intended by him to be possessed by her as such, and subject to her exclusive control, and that this, with the fact that he had received through her since the intermarriage a sum of money equivalent to the notes, presents a claim which the court may enforce for the benefit of the wife against the estate of her late husband. We have carefully considered the case in this point of view, but are unable to find any sound principle or authoritative precedent for maintaining the action. There have been various cases before this court, in which the surviving wife has been allowed to enforce claims accruing to her during marriage, through the acts of the husband, and which derived their whole vitality from his agreement made for her benefit. But these cases, as will appear upon an examination, all differ from the present case in this, that the funds set apart, or secured to the wife for her own benefit, were

demands, debts, or deposits, as the case might be, due from, or in the hands of third persons. The payment to the wife, when enforced, was to be enforced by the wife against a third person, or, in other words, there was a debtor other than her husband, who was to pay her the money. This important element avoided the great difficulty that embarrasses the claim of the present plaintiff. Thus, in the leading case of *Draper* v. *Jackson*, 16 Mass. 480, the claim of the wife was, as survivor of her husband, to enforce payment of a note of a third person given to both husband and wife during the coverture, the consideration of which was the sale of land of the wife. In *Stanwood* v. *Stanwood*, 17 Mass. 57, and *Adams* v. *Brackett*, 5 Met. 280, the bank stock claimed by the wife was stock that the husband had, by his express declarations appropriated to the wife as her separate property; he had disavowed his own interest therein and recognized her right to the same. In *Phelps* v. *Phelps*, 20 Pick. 556, the claim of the wife was the right to retain to her own use the amount of principal and interest of a note of a third person, made payable to her, with the assent of her husband, and given for money originally hers, and for interest that had accrued during coverture. In the more recent case of *Fisk* v. *Cushman*, 6 Cush. 20, the husband had deposited money in a savings bank in the name of his wife, and for her benefit, which, as it was held, gave her the right to take the same. In all these cases, the money or stock claimed was, by the act or assent of the husband, placed in other hands, and the same might be enjoyed fully by the wife without any recourse to the husband as the party to make the payment, or, in other words, he was not her debtor by reason of the contract or appropriation for her benefit. It is also true, however, that in all these cases the husband might have reduced the property into possession; that is, he might have received the sums thus deposited in the savings banks, and collected the promissory notes given to the wife, or sold the shares in the bank which he had appropriated to her sole use by his declarations to that effect. But not having done so, but manifesting the contrary intent, and having left at his decease these assets in the hands of third persons, the right to the same well rested in her.

While this court has, with great liberality, sustained the rights of the wife as to property accruing to her during coverture, and allowed her to claim, as held to her own use, all notes given to her by third persons with the assent of her husband, or any deposits in banks for her benefit, yet, as it seems to us, the form of securing money to her separate use, as adopted in the case before us, requires us to go much further, and is one which that cannot be enforced in a court of law, as against the executor of her husband. Much reliance was placed by the counsel for the plaintiff on the case of *Richards* v. *Richards,* 2 Barn. & Adolph. 447. That was an action by the wife against the administrator of her husband to recover a note given by the husband to the wife, during coverture, for money received by the wife in the capacity of executrix of the last will of some deceased person, and the decision of the case was put upon the ground that this was not the husband's money, or any property or estate of the wife that he could properly have reduced to possession, and therefore the case was one of a valid debt to her in her representative capacity. It is not directly stated that the form of the note was that of one payable to her as executrix, but this seems to be assumed, and but for this fact existing, we cannot suppose that the court would have decided that the action could be maintained. A decision confirmatory of the view we have taken of the case at bar, may be found in the case of *Sweat* v. *Hall,* 8 Verm. 187, where an action was brought by the surviving wife upon a note like the present, and which it was agreed was given for money of the wife, or received through her, and it was decided that a contract made by the husband directly to his wife to pay her a sum of money, was invalid in law.

It was further suggested that the plaintiff might recover as a legatee under the will of her husband, for a similar amount as the notes, that sum being given her by the will, but the wife renounced the provisions of the will, and thus barred herself of all claim under the will.         *Plaintiff nonsuit.*