RUTLAND COUNTY, JANUARY TERM, 1886.

(CONTINUED FROM PAGE 1, *ante.*)

---

## JOHN D. ELLSWORTH *v.* F. W. HOPKINS.

*Husband and Wife.   Contract Void.*

A promissory note executed by a husband to his wife at common law is void, and cannot be enforced by an assignee, though a *bona fide* holder for value.

ASSUMPSIT.   Heard on affidavit of defence, September Term, 1885, VEAZEY, J., presiding.   Judgment for the plaintiff.

The case appears in the opinion.

*Bromley & Clark,* for the defendant, cited *Sweat* v. *Hall,* 8 Vt. 187.

*D. E. Nicholson,* for the plaintiff, cited R. L. s. 2322 ; *Hubbard* v. *Bugbee,* 55 Vt. 506.

The opinion of the court was delivered by

POWERS, J.   The affidavit of defence which, for the purposes of this trial, is given the efficacy of a plea covering the facts detailed, sets forth that the note sued upon was given by the defendant to his wife Frances M., on January 22, 1884, for a claim allowed to her against his father's estate of which the defendant was adminstrator.

· This is an action of assumpsit upon said note, the note being negotiable in form.

The material question is whether the note is enforceable by the assignee of the wife.

Nothing appearing to the contrary the plaintiff is to be treated as a *bona fide* holder for value of the note. It was payable one day after date, still the holder of a negotiable note is presumptively a *bona fide* holder and is clothed with the protection of such a holder in the absence of facts discrediting his title.

Being such holder does he stand any better in respect to the enforceability of the note than Mrs. Hopkins did while she held it? As between Hopkins and his wife the note was null and void. They were at law incapable of contracting with each other; and contracts assumed to be made between them were not merely voidable but absolutely without legal obligation or force. Such being the character of the note when executed and delivered to Mrs. Hopkins, the transfer of it to the plaintiff added nothing to its legal efficacy. The transfer merely carried the instrument as it was. The protection which the endorsee as a *bona fide* holder gained over the former holder has relation to the defence which the maker might urge as against such former holder and does not spring from the quality of the note itself but from commercial policy.

If the defendant had forged a note and delivered it to A and A transfers it to an innocent holder, it is plain that nothing has been added by the transfer. The defendant had no legal power to make such a note, and the instrument was not a note. If the defendant executes a note to his wife he is attempting an act that he has no legal power to do, and the note is as void as the forged one.

The transfer of the note in this case then operated to give the plaintiff all the rights to enforce it so far as its legal validity is concerned, that Mrs. Hopkins had and no more, and being void as to her it was so to all the world.

It is to be observed that the facts detailed leave the question to be determined upon common law principles. There is nothing to show that this note was the separate, statutory, or equitable estate of Mrs. Hopkins. Had such facts appeared

the note might have represented an enforceable, equitable obligation which equity would protect; and the transfer of it might with much reason be held to have avoided the technical bar to a suit at law, which arose from the coverture of the parties. *Hubbard* v. *Bugbee, ante,* 172.

The case of *Sweat* v. *Hall,* 8 Vt. 187, is full authority for the conclusion we have reached. This is the doctrine in Massachusetts. *Ingham* v. *White,* 4 Allen, 412; *Fowle* v. *Torrey,* 135 Mass. 87; *Butler* v. *Ives,* 139 Mass. 202.

We think therefore that the affidavit disclosed a complete defence to the action."

Judgment reversed and judgment for the defendant.