## CHARLOTTE W. HACKETT

v.

## LORENZO C. MOXLEY.

GENERAL TERM, 1892.

*Husband and wife. Note of husband to wife for her real estate. Gift of same to third party. Equity. Condition to gift.*

A, being the owner of an undivided interest in a farm which she had inherited from her father, married the defendant. Subsequently the defendant bought the farm and gave A, his wife, his note in payment of her interest in the same. A kept the note as her separate property, and the defendant made payments upon it from time to time. A gave this note to the oratrix, reserving the single right to use the avails during her lifetime, if she needed. She never did use any part of them during her life, and this suit was brought after her death to collect the balance due on the note. Upon these facts, *Held :*

1. The note was upon good consideration; for, granting that the husband had a life interest in the real estate of his wife, his purchase gave him additional rights, and it may be fairly inferred that the note was in payment for these rights ; or he might waive his marital rights, and should be considered to have done so by giving this note and making payments upon it.

2. The oratrix may prosecute this suit in equity; for while the note would not be enforceable at law, it was evidence of a valid, equitable claim in favor of the wife against the defendant, which could have been maintained by the wife in a court of chancery.

3. An assignment of the note operated as an assignment of this equitable claim, without any written transfer.

4.  The condition attached to the gift did not modify it.

5.  The consent of the husband to the making of the gift was
not necessary.

Bill in chancery.   Heard upon general demurrer at the
May term, 1891, Windsor county.   TAFT, chancellor, sus-
tained the demurrer *pro forma.*  The oratrix appeals.

C. P. *Tarbell* for the oratrix.

The note being from the husband to his wife, was void at
law.   *Sweat* v. *Hall*, 8 Vt. 187 ; *Ellsworth* v. *Hopkins*, 58
Vt. 705.

Still it represents an enforceable equitable right.   *White*
*and Wife* v. *Waite*, 47 Vt. 502 ; *Richardson's Admr.*, v.
*Merrill's Estate*, 32 Vt. 27 ; *Spooner and Wife* v. *Rey-
nolds*, 50 Vt. 437 ; *Pinney et al.* v. *Fellows*, 15 Vt. 535 ;
*Cardell* v. *Ryder et al.*, 45 Vt. 47 ; *Hamaker* v. *Hamaker*,
88 Ala. 431 ; *Mundy* v. *Collier*, (N. J.) 14 Atl. Rep. 21 ;
*Frany et al.* v. *Booth et al.*, 37 Vt. 78 ; *Hubbard* v. *Bug-
bee*, 58 Vt. 172, 177.

The gift was valid.   Pom. Eq. Jur. § 1,148 ; *Caldwell* v.
*Renfrew*, 33 Vt. 213 ; *Grover, Admr.*, v. *Grover*, 24 Pick.
261 ; *Blanchard* v. *Sheldon*, 43 Vt. 512.

Consent of the husband was not necessary.   3 Pom. Eq.
Jur. p. 26, § 1,104.

*Hunton & Stickney* for the defendant.

The note is without consideration.   *Hubbard* v. *Bugbee*,
58 Vt. 172 ; *Jenny* v. *Jenny*, 24 Vt. 324 ; *Learned* v. *Cut-
ler*, 18 Pick. 9 ; *Hathaway* v. *Hathaway*, 44 Vt. 658 ; 1
Wash. Real Prop., Chap. 7, § 19 ; *Jennings* v. *Davis*, 31
Conn. 134, 141 ; R. L., § 2,325 ; *Peck* v. *Walton*, 26 Vt.
82, 87 ; *McCampbell* v. *McCampbell*, 2 Lea. 661 ; Perry
Trusts, § 647.

The oratrix has a legal remedy. *Currier* v. *Rosebrook*, 48 Vt. 34; *Durkee* v. *Durkee*, 59 Vt. 70; *Albce, Admr.*, v. *Cole*, 39 Vt. 319.

There was no written assignment. 2 Kent 439.

The gift was void for the reason that the donor retained an interest. 2 Black. Com. 440, 441; 2 Kent Com. 438; *Matthews* v. *Hoagland*, 21 Atl. Rep. 1,055; *Young* v. *Young*, 80 N. Y. 422.

There is no equitable ground for a decree. *Matthews* v. *Hoagland*, 21 Atl. Rep. 1,065; May, Fraud, Con. 406; *Weale* v. *Ollive*, 17 Beav. 252; *Milroy* v. *Lord*, 4 De. G. F. & J. 264, 374, cited 2 Pom. Eq. Jur. 967, p. 547.

The wife could not make this gift without the consent of her husband. *Fellman's Admr.* v. *Landis*, 18 Atl. Rep. 941; *Petit* v. *Fretz*, 33 Pa. St. 118, 123.

The opinion of the court was delivered by

START, J. This cause was heard on demurrer to the bill. The oratrix alleges that Abbie Hackett and her two sisters were the owners of a farm; that while they so owned it Abbie Hackett became the wife of the defendant; that afterwards, on the 4th day of May, 1871, the farm was sold at auction, and the defendant became the owner; that Abbie Moxley's share of the purchase money was five hundred and forty-seven dollars and forty-eight cents, for which the defendant gave her his note of that date, payable to her or bearer, in two years from its date, with interest annually; that the note was delivered to Abbie Moxley, and was by her kept as her own property, separate and apart from the property of the defendant, until she gave it to the oratrix; that the note was given in payment of the share or interest of said Abbie Moxley in the estate of her father, and that no part of the consideration thereof came from any other or different property or source; that the defendant made payments on the note from time to time, the sum of which is

four hundred and forty-three dollars and thirty-seven cents; that the value of the farm is five hundred dollars; that said Abbie Moxley died November 27, 1890; that the oratrix is the niece of said Abbie Moxley; that said Abbie Moxley gave and delivered said note to the oratrix, subject to no limitations or qualifications except that said Abbie Moxley reserved the right to use such portion of the avails of the note as she might require during her lifetime; that she did not require any of the avails of the note, or in any way revoke or cancel said gift; and that since said gift was made the oratrix has held said note as her sole and absolute property.

It not appearing that the wife held the real estate to her sole and separate use, the defendant claims that it is inferable from the bill that he was entitled to the use of the estate, at least during the life of his wife, and that, to the extent of this interest, the note is without consideration, and cannot be enforced in a court of law or equity. By the conveyances the defendant became seized of the estate in his own right. He could sell and convey it, and if not conveyed by him it would descend to his heirs. A majority of the court are of the opinion that it is fairly inferable from the facts stated in the bill that the defendant promised to pay the five hundred dollars evidenced by the note in consideration of the additional rights acquired by the conveyance. Also, that the defendant could waive his marital rights in and to the estate, and that nothing appearing to the contrary, it may be inferred from the fact that he took an absolute conveyance of the estate, gave his note therefor, made payments thereon, and treated the note as the separate estate of his wife, that he intended to do so. If the defendant intended, by taking the conveyance and giving his note therefor, to waive his marital rights in and to the estate, or made the promise evidenced by the note in consideration of rights acquired by the conveyance in addition to his marital rights, the promise

is enforceable in a court of equity. *Barron* v. *Barron et al.*, 24 Vt. 375; *Cardell* v. *Ryder et al.*, 35 Vt. 47; *Richardson, Admr.*, v. *Estate of Merrill et al.*, 32 Vt. 27; *Pinney et al.* v. *Fellows et al.*, 15 Vt. 525; *Templeton* v. *Brown*, 86 Tenn. 50; *McCampbell* v. *McCampbell*, 2 Lea. 661 (31 Am. Rep. 623); *May* v. *May*, 9 Neb. 16 (31 Am. Rep. 399); *White and Wife* v. *Waite*, 47 Vt. 502; *Child* v. *Pearl*, 43 Vt. 224.

The oratrix's rights rest wholly upon the equitable rights of the wife. She paid nothing for the note, and there has been no new promise. The note itself is not enforceable, but it is evidence of an equitable claim, enforceable by the wife in her lifetime in a court of equity only, and by the gift and delivery of it to the oratrix, this equitable claim was transferred to her, and is enforceable by her in a court of equity only. *Sweat* v. *Hall*, 8 Vt. 187.

It is contended that no valid gift of this claim could be made without a written assignment. The equitable claim of the wife was evidenced by the note, and the delivery of the evidence of the claim, under the circumstances stated in the bill, constitutes a valid gift. A good and effectual equitable assignment of a chose in action may be by parol, and courts of equity will take notice of and give effect to such assignments. *Grover, Admr.*, v. *Grover*, 24 Pick. 261 (35 Am. Dec. 319); *Bates, Admr.*, v. *Kempton*, 7 Gray 382.

The condition annexed to the gift does not nullify it. The only condition of defeasance was the right of the donor to use such portions of the avails of the note as she might require during her lifetime. She required nothing, and by her death the gift was freed from this condition of defeasance. The case of *Blanchard* v. *Sheldon*, 43 Vt. 512, is full authority for this holding.

The consent of the husband to the gift was not necessary. The equitable claim being the separate estate of the wife, she could dispose of it in the same manner as if unmarried.

3 Pom. Eq. Jur., § 1,104 ; *Willard, Admr., v. Dow,* 54 Vt.
188 ; *Caldwell, Admr.,* v. *Renfrew,* 33 Vt. 213.

The *pro forma decree of the court of chancery is reversed;*
*demurrer overruled; bill adjudged sufficient, and cause re-*
*manded.*