ALMIRA F. PIERCE *vs.* BROWN UNIVERSITY.

PROVIDENCE—JULY 12, 1899.

PRESENT : Matteson, C. J., Tillinghast and Dubois, JJ.

(1)  *Deed of Gift.   Conditions Subsequent.   Forfeiture.*

Where a deed contains a condition subsequent, no time being limited in the deed for the performance of the condition, the rule of law is that it must be fulfilled within a reasonable time, and what is a reasonable time must be determined by the court, taking into consideration the circumstances of each case ; a very short time for the fulfillment only being required in some cases and a much longer time being allowed in others.

M. conveyed by deed of gift to the defendant university a tract of land upon the condition that the defendant and its successors should forever hold the land and devote it exclusively to academic and scientific purposes (including the erection and maintenance on the premises of dwelling-houses for the use of the professors, etc., of the defendant, if it should so desire) and to the establishment and maintenance thereon of a botanical garden which should bear the name of her late husband ; and that upon breach of the condition at any time thereafter by the defendant or its successors, the deed should become void and the estate forfeited and revert to the grantor, her heirs and assigns.

About two years after the delivery of the deed the grantor executed her will, by which she bequeathed a fund, after the death of her sister, who

was nearly seventy years of age at the execution of the will, to the defendant university "for the improvement of the grounds which I have deeded to the University for a Botanical Garden, etc." The estate had formerly constituted the homestead estate of the grantor. About five years after acquiring the property the defendant purchased an adjoining lot, the position of which marred the contour of the land in question. Up to the time of the bringing of this action the university had made no use of the land other than to let it for pasturage. It had erected a fence around the estate, had thinned out some of the trees, and had removed two or three hundred loads of dirt and some sod and used it on other property belonging to it. Lack of funds was the reason assigned by the defendant for not more actively fulfilling the condition of the donation. The grantor lived for more than five years after making the deed of gift, in full possession of her faculties.

In an action brought by the heir at law of the grantor to recover possession of the land for breach of condition :—

*Held,* that a gift of this kind to an institution of the character of the defendant university, under these circumstances should be treated with leniency in considering a question of forfeiture before the realization of the money legacy under the will.

*Held,* further, that the acts of the defendant university in its treatment of the estate did not indicate any purpose adverse to an honest purpose of fulfilling the intention of the gift, and were consonant with an intent to prepare and devote the land to the purposes contemplated by the deed of gift.

*Held,* further, that the intent of the grantor appeared to be to perpetuate the name of her husband in connection with the land, and a forfeiture should not hastily be inferred, as it would defeat the very end the grantor had in view.

TRESPASS AND EJECTMENT. Heard on petition of plaintiff for a new trial. New trial denied.

Trespass and ejectment to recover possession of land for breach of condition contained in deed of gift from plaintiff's ancestress to defendant : one of two cases tried together by agreement of parties and heard and decided by the court, jury trial not having been claimed, upon the facts found and for the reasons given in the following

## " DECISION.

ROGERS, J. These are actions of trespass and ejectment, brought to recover the possession of a certain tract of land in the city of Providence conveyed by Almira T. Metcalf, now deceased, to the defendant, by deed of gift dated October 25,

1884, and upon this condition, viz.: 'Provided however and this deed is upon this express condition that said Brown University and its successors shall forever hold said tract of land and devote the same exclusively to academic and scientific purposes (including the erection and maintenance on said premises of dwelling-houses for the use of the professors, officers and servants of said Brown University, if said University shall so desire) and to the establishment and maintenance thereon of a Botanical Garden which shall bear the name of my late husband Whiting Metcalf and that upon the breach of this condition at any time hereafter by said Brown University or its successors this deed shall become null and void and the estate hereby granted shall be forfeited and shall thereupon revert to and be vested in the grantor her heirs and assigns.'

The plaintiff in the first suit is the daughter and sole heir at law of the said Almira T. Metcalf, and she claims that the land aforesaid has reverted to her as such heir at law by reason of breach of the condition, thirteen years having elapsed between the delivery of said deed and the date of the plaintiffs' writs in these actions. The plaintiff in the second suit is the residuary devisee under the will of the said Almira T. Metcalf, and makes for himself, as such residuary devisee, the same claim that the plaintiff in the first suit makes for herself as heir at law, the two suits being brought from abundant caution, there being question in the minds of counsel whether the residuary devisee or the heir at law is the proper person to be made the party plaintiff, both plaintiffs being amicable, and both suits being tried together by agreement of parties, the defendant being indifferent as to which plaintiff wins if the decision of the court is adverse to it on the merits of the case.

The facts I find to be as follows : The aforesaid deed of gift was delivered and went into operation on or about the 25th day of October, 1884. On the 4th of June 1886, Mrs. Metcalf, the grantor, executed her last will, item 40 of which is as follows, viz.: 'I give and bequeath to my daughter Almira F. Pierce in special trust additional to my Screw Stock men-

tioned in Item 1 in this my will Eight Thousand Dollars so
as to assure the amount necessary for the comfortable sup-
port of my sister Lucy·B. Pabodie during her natural life,
and at the decease of said Lucy B. Pabodie this sum of Eight
Thousand Dollars I direct to be paid to the corporation of
Brown University for the improvement of the grounds which
I have deeded to the University for a Botanical Garden,
&c.'

Mrs. Metcalf died December 14, 1889, and her will was
duly admitted to probate on the 7th day of January, 1890.
Mrs. Pabodie, the sister of Mrs. Metcalf referred to in the
latter's will, is still living, and was eighty years of age on
the 25th of October last.   The tract conveyed is situated on
Morris avenue and Olney street (now Cypress street) on the
Cemetery road, so-called, and consists of about thirteen and
a quarter acres, with a barn thereon, the use of which barn
Mrs. Metcalf in her deed had reserved to herself during her
natural life.   The estate for a number of years prior to April
14, 1875, when the dwelling-house which had stood thereon
was totally destroyed by fire, had constituted the homestead
estate of Mrs. Metcalf.   Two and a half or three acres of the
estate had been laid out as a lawn whereon trees of various
kinds had been grouped, while shrubs and flower-beds also
adorned the immediate neighborhood of the mansion.   The
remainder of the tract was used for pasturage.   The $13\frac{1}{4}$
acres deeded by Mrs. Metcalf lay together, contiguously in a
sense, that is to say, the rear line was practically straight
and the easterly and westerly portions of the tract were
joined together by a wide strip on the northerly or rear part
of the tract, but the southerly or front part of the tract was
separated by a large lot measuring nearly 400 feet on Olney
street and extending back about 250 feet, containing over
two acres, with a dwelling-house and barn thereon, belong-
ing to another party, and which marred the contour of the
larger tract by presenting the appearance of having a piece
cut out of its front on the principal of the two streets on
which the tract lay.   In November, 1889, about a month
before Mrs. Metcalf's death, the defendant purchased the lot

on Olney street above referred to as marring the contour of the tract deeded to it by Mrs. Metcalf.

The university has as yet made no use of the Metcalf lot donated to it, other than letting it for pasturage, receiving therefor but from $50 to $100 a year, which has been turned into the general college fund ; but the defendant has erected a new fence around the property, and whether the cost of it exceeded or fell short of the amount received from rent does not appear. The evidence further disclosed that a number of shade trees had been cut down ; that is to say, some of various clusters had been thinned out to afford a better opportunity for those remaining to grow, and this was done under the advice and direction of Professor Sargent of Harvard University, he being the professor of aboriculture in that institution, director of the Arnold Arboretum, and the author of several works on forestry and cognate subjects. The wood thus obtained was used by the university. Two or three hundred loads of dirt and some sod had been carted from the Metcalf lot and used on other parts of the university grounds. The reason assigned by the defendant for not proceeding more actively to utilize the tract in question and fulfilling the condition of the donation was lack of funds, any intention of abandoning the gift or of not fulfilling the condition thereof being expressly denied on the part of the defendant. The plaintiff put in the report of the treasurer of the defendant corporation for the year ending April 15, 1897, showing that the funds of the university amounted to something over $1,100,000 ; but the same report also showed that nearly two-thirds of that amount consisted of funds applicable only to certain specified purposes, and that the income of the common fund, or the fund not specially limited to a particular purpose, was required to keep the university running in its current or ordinary course.

More or less statements made by Mrs. Metcalf, the donor, in her lifetime, to those about her, of non-approval of, or surprise at, steps taken in regard to the donated land were put in evidence, but nothing appeared to show that such

statements had ever come to the knowledge of the officers of the defendant university.

The plaintiffs strenuously objected to the admission of the deed of the lot adjoining to or surrounded by the donated tract, and to all evidence in connection with the university's acquiring that lot; but such evidence was admitted *de bene*, subject to objection, and it seems to me to have been properly admitted, as tending to show the attitude of the defendant, at that time at least, towards the donated land in question.

(1) Such being the facts of the case, the next inquiry is what legal conclusions are properly to be drawn from them? I am clearly of the opinion that the deed of the tract in question from Almira T. Metcalf to Brown University was upon a condition subsequent, which condition was set forth in the provision of said deed hereinbefore quoted. The cardinal question, therefore, is, has the defendant forfeited the gift by the non-fulfillment of the condition? No time having been limited in the gift itself, the rule of law is that the condition must be fulfilled within a *reasonable* time, and what is a reasonable time must be determined by the court, taking into consideration the circumstances of each particular case; a very short time for the fulfillment only being required in some cases, and a much longer time being allowed in other cases. Had the donor seen fit to have prescribed a time for the fulfillment of the condition imposed, she could have properly done so, for the property was hers and subject to her dictation. More than nineteen months after the date of her deed of gift, however, she made her will, giving a substantial sum of money, subject to her sister's enjoyment of it for life, to Brown University, 'for the improvement,' to use her own words, 'of the grounds which I have deeded to the University for a Botanical Garden, &c.,' so it would seem to me that up to that time she herself did not deem her gift to have been forfeited. She lived until December 14, 1889, more than five years after making her deed of gift, and nearly three years and a half after the execution of her will, and, for aught that appears, she was, until her death, in the full pos-

session of her faculties; so that, had the action of the university in regard to her gift of the land in question fallen under her disapproval, and certainly had she considered said gift to have been forfeited, it would have been easy—indeed, it seems to me it would have been only natural—for her to have either revoked the legacy to Brown University by a codicil, or to have imposed some condition by way of a time limitation or otherwise, as to its applicability to her donation of land previously made by deed. That she appreciated some of the embarrassments Brown University would have in availing itself of her gift of the land it seems to me her will clearly shows, and she tried, in a measure at least, to lighten them. Her sister, during whose life the legacy in Mrs. Metcalf's will would be unavailable, was nearly seventy years old when the will was made, and has now passed her eightieth birthday, having lived long beyond the length of days usually allotted to man, and with the chances of life rapidly diminishing as months pass on. It would seem to me that a gift of this kind to an institution of the character of the defendant university, under the circumstances detailed, should be treated with great leniency in considering a question of forfeiture before the realization of the money legacy under Mrs. Metcalf's will. The purchase by the university of the property practically surrounded by the donated lot and greatly marring its proportions so long as the ownership of the two was separated, seems to me to show an earnest desire on defendant's part to eventually avail itself most advantageously of Mrs. Metcalf's gift.

The fact that the defendant removed a few hundred loads of dirt from the Metcalf tract, thus enlarging a little the excavation originally made for the cellar of the burned mansion, the removal of some sod, and the thinning out of shade trees too closely planted, do not to my mind indicate any intent adverse to an honest purpose of fulfilling the condition of the gift. The establishment of a botanical garden, while not the sole feature of the gift, was perhaps a prominent, if not the most prominent, object to be accomplished by the gift, and the argument of the plaintiff's counsel that the acts

done radically militated against such purpose, and showed an intent to ignore that purpose, seems to me not altogether well founded.  A botanical garden means, primarily, a collection of plants, shrubs, &c., that would assist in the acquisition and advancement of botanical knowledge—not large quantities of flowering plants for merely ornamental purposes of the private grounds of a gentleman's residence, but specimens, whether flowering, or ornamental, or otherwise, that would aid a botanist in imparting botanical knowledge. The other purposes contemplated by the gift, other than as a location for dwelling-houses for the professors, might well enough include an arboretum as a proper and germane accessory to a botanical garden, and large numbers of the same kind of shade trees would serve no useful purpose in the advancement of knowledge, however much they might please the eye for the mere purpose of a pleasure park.  If Mrs. Metcalf had intended in her gift to Brown University to keep it merely pleasing to the eye as a park or an ornamental flower garden, she would hardly have selected an institution of learning as her instrumentality, nor have limited the purpose, so far as it contemplated vegetation, to a *botanical* garden.  Thinning out shade trees, not cultivating the ornamental plants in the flower-beds there, not keeping the lawn cleanly shaven, even removing some earth from a tract of that size before the part to be used as a botanical garden had been laid out and the scope of the proposed use determined, and the work systematically organized to be continuously pushed, would not seem to me to demonstrate that the university had abandoned the intention to fulfill the condition of the gift in good faith.

The main question recurs—has the university, under all the circumstances, incurred a forfeiture by failing to fulfill the conditions of the gift within a reasonable time ?  In my opinion it has not so failed and has not yet incurred such forfeiture.  As, in my opinion, neither the heir at law nor the residuary devisee is entitled to recover, no forfeiture having been incurred, I see no necessity of giving an *obiter*

*dictum* as to which should have recovered had a forfeiture been incurred.

The decision of the court is that the defendant is not guilty in manner and form as the plaintiffs have respectively declared against it, and that the defendant is entitled to judgment for its costs against said plaintiffs respectively."

The plaintiff petitioned for a new trial on the ground that the decision was erroneous.

## OPINION.

DUBOIS, J.    We think the conclusion of Mr. Justice Rogers was correct.    In addition to the facts found by him, it appears from the testimony of Mr. William Goddard that Mrs. Almira T. Metcalf entertained a sentiment for the place as the home in which she had enjoyed many happy years, and for a long time had cherished a desire to convey it to Brown University. Her intent expressed in the deed is not merely to give to Brown University a tract of land to be devoted exclusively to academic and scientific purposes, and to cause to be established and maintained a botanical garden thereon, but forever to preserve the land and forever to perpetuate the name of her husband, Whiting Metcalf; place and person, home and husband, were happily associated, and she desired to permanently continue the association of name and place.

The desire for perpetuation of names furnishes the strongest of motives.    It has caused the construction of pyramids, the erection of monuments and memorial buildings, and perhaps one of the most practical methods of accomplishing such result is by connecting a name with some charitable or educational object, through a corporation devoted to the same, likely to endure because worthy of enduring.

Under the circumstances a forfeiture should not hastily be inferred.

A forfeiture would defeat the very end the donor had in view.    The land would no longer be preserved.    The heir would take it, subject to no condition or restriction; and at no distant date, in all probability, it would be divided into

house lots and sold to different persons having no interest in the perpetuation of the name of Whiting Metcalf, which would soon cease to be associated with the place.

New trial denied, and judgment rendered on the decision of Mr. Justice Rogers for the defendant for costs.

*Edwards & Angell*, for plaintiff.

*Arnold Green and Theodore F. Green*, for defendant.