ARTHUR C. SPENCER v. THOMAS E. STOCKWELL.

October Term, 1903.

Present: ROWELL, C. J., TYLER, START, WATSON, and STAFFORD, JJ.

Opinion filed January 14, 1904.

*Husband and Wife—Promissory Note—Intermarriage of Maker and Payee—V. S. 2644-2647.*

Under V. S. 2644-2647, if a woman, who is the payee and owner of a valid promissory note, marries the maker, she retains all her rights in respect of the note, except the right to sue her husband thereon in her own name.

Under V. S. 2644-2647, if a woman, who is the payee and owner of a valid promissory note, marries the maker, and subsequently indorses the note to a third person for collection only, such person may maintain an action thereon in his own name against the husband for the benefit of the wife.

ASSUMPSIT upon a promissory note. Heard on an agreed statement, at the April Term, 1903, Windham County, *Munson,* J., presiding. Judgment for the plaintiff. The defendant excepted.

The note in question is payable to "Rosa B. Richardson, or order." The opinion states the other facts.

*E. L. Waterman, J. L. Martin, and E. W. Gibson* for the defendant.

V. S. 2644, does not give the wife the right to sue her husband. This is really the case of a wife suing her husband.

A note from husband to wife is void.  *Sweat* v. *Hall,* 8 Vt. 187; *Ellsworth* v. *Hopkins,* 58 Vt. 705.

The right of action which the wife had was destroyed by the marriage.  *Miller* v. *Miller,* 44 Pa. 170; *Burleigh* v. *Coffin,* 22 N. H. 124; *Flenner* v. *Flenner,* 29 Ind. 468; *Power* v. *Lester,* 23 N. Y. 527; *Patterson* v. *Patterson,* 45 N. H. 164; *Farley* v. *Farley,* 91 Ky. 497; *Smiley* v. *Smiley,* 186 Ohio St. 543; *Bank* v. *Mitchell,* 84 Fed. Rep. 90; *Abbott* v. *Winchester,* 105 Mass. 115.

If there is any right in the wife it must be enforced in Chancery.  *Wallingford* v. *Allen,* 10 Pet. 583.

*Clarke C. Fitts* for the plaintiff.

The husband acquired no interest in this note by marriage.  V. S. 2647; *Wright* v. *Burroughs,* 61 Vt. 390; *Butler* v. *Ives,* 139 Mass. 202; *Bemis* v. *Call,* 10 Allen 512; *Tucker* v. *Fenno,* 110 Mass. 311; *Ellis* v. *Watkins' Est.,* 73 Vt. 371.

TYLER, J.  It appears by the agreed statement of facts, that the defendant being indebted to Rosa B. Shepardson for money that she had loaned him, gave her his promissory note for the amount; that a few months afterwards the parties intermarried, and that the marriage relation has ever since existed between them; that the note belongs to the wife and was overdue when this suit was brought; that she indorsed it to the plaintiff for the purpose of collection only, and that suit was brought after demand of payment.

I.  Under the Married Women's Act, No. 84, laws of 1884, which is incorporated into V. S. 2644 to 2647, inclusive, the note continued to be the property of the wife after the marriage.  It is true, as the defendant contends, that this statute, which gives married women the right to hold all personal property and rights of action acquired by them before marriage to

their sole and separate use, only enables them to make contracts with all persons *other* than their husbands, and to sue and be sued upon such contracts. But the contention cannot be maintained that the note in this case became null and void and the debt extinguished by the intermarriage, for this is contrary to the express provisions of the statute. It is immaterial that the wife acquired the property in this note from the defendant while the parties were sole. It was the payee's property until the marriage, and the statute is broad enough to include it within its terms. It says, "All personal property * * * acquired by a woman before coverture," * * *. It makes no exception.

*Sweat* v. *Hall,* 8 Vt. 187, and *Ellsworth* v. *Hopkins,* 58 Vt. 705, 5 Atl. 405, are not authorities for the defendant. They only hold that a promissory note given by a husband to his wife during coverture is void because of the legal incapacity of the parties to contract with each other. But both these cases recognize the doctrine that where the note represents a separate statutory or equitable property in the wife, a Court of Equity will protect it.

The defendant cites *Abbott* v. *Winchester,* 105 Mass. 115, where it was indeed held that a note given by a man to a woman whom he afterwards married became a nullity upon the marriage and was not revived by the husband's death. But the doctrine held in that case and in *Chapman* v. *Kellogg,* 102 Mass. 246, was repudiated in *Butler* v. *Ives,* 139 Mass. 202. In the latter case a husband advanced money to his wife for the benefit of her separate estate, and she gave her promissory note therefor, secured by mortgage, to a third person who assigned the note and mortgage to the husband. The husband assigned the note and mortgage to a fourth person who foreclosed the mortgage and brought a

writ of entry against the person who was claiming under the wife; held, that the writ could be maintained.

But it is unnecessary to consider the decisions of courts of other states. The doctrine of the common law by which all the personal property of the wife became her husband's upon marriage has been abrogated by our statutes. *Wright* v. *Burroughs,* 61 Vt. 390, 18 Atl. 311, is authority that, under existing laws, the note in this case was the sole property of the wife when she transferred it to the plaintiff. It was held in that case that the husband was improperly joined as a party plaintiff with his wife in a suit upon her note against a third person.

II. It is further contended that, as the wife could not sue her husband upon the note, she could not give the plaintiff authority for that purpose. It is a sufficient answer to this claim that the wife retained every right in respect to the note after her marriage that she possessed before, except the right to sue her husband upon it. She could sell the note absolutely, or transfer it for collection as well after as before her marriage. The statute places no inhibition upon this act; on the contrary, it gives her the same authority to deal with the note as if she were unmarried. She did not confer authority upon the plaintiff to sue the defendant; that authority was incident to the plaintiff's legal title to the note, although the equitable interest remained in the wife.

*Judgment affirmed.*