## J. T. FARGASON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26272. Promulgated December 31, 1930.

*W. D. Kyser, Esq.,* and *Homer K. Jones, C. P. A.,* for the petitioner.

*Brooks Fullerton, Esq.,* for the respondent.

OPINION.

Love: The question presented in this case is whether petitioner is entitled to any deduction from his gross income in 1922 under the provisions of section 214 (a) (11) of the Revenue Act of 1921 on account of the conveyance to the university on January 4, 1922,

of 14.68 acres of land, and, if so, the determination of the amount thereof. Section 214, *supra*, provides in part that in computing net income there shall be allowed as deductions:

(11) Contributions or gifts made within the taxable year to or for the use of * * * any corporation * * * organized and operated exclusively for * * * educational purposes * * * no part of the net earnings of which inures to the benefit of any private stockholder or individual * * * to an amount which in all the above cases combined does not exceed 15 per centum of the taxpayer's net income as computed without the benefit of this paragraph.

The same section provides further that:

* * * Such contributions or gifts shall be allowable as deductions only if verified under rules and regulations prescribed by the Commissioner, with the approval of the Secretary * * *.

At the hearing, the respondent advanced four reasons for not allowing the deduction in question, namely, (1) that since the estate of John T. Fargason, Sr., had not been closed, this should be held to be a gift from the estate and as such could not be deducted from petitioner's income; (2) if the conveyance be held to be a gift by the executors, such gift would be void for the reason that the executors could not give away the corpus of the estate; (3) that a gift by the executors from the corpus of the estate, even though valid, is not deductible from the income of the estate, and hence not deductible from petitioner's income; and (4) that under any circumstances it should be held that no valid gift was made.

The first three of the above reasons are based upon an erroneous premise, namely, that the real estate in question was owned prior to the date of conveyance on January 4, 1922, by the estate of John T. Fargason, Sr., deceased, or the executors thereof. Under the law of Tennessee, neither an administrator nor an executor acquires any right or title to the real estate of a decedent, except as it may be necessary to subject it to the payment of the debts of general creditors. *Stephenson* v. *Yandle*, 4 Tenn. (3 Hayw.) 109; *Vance* v. *Fisher*, 29 Tenn. (10 Humph.) 211. In the instant case the title to all the real estate owned by petitioner's father passed to petitioner and his sister, in fee simple, immediately upon the death of their father. See 40 Cyc. 1995 and cases cited. It follows, therefore, that if the conveyance on January 4, 1922, of the 14.68 acres in question amounted to a gift within the meaning of section 214 (a) (11), *supra*, it was a gift from petitioner and his sister as tenants in common and not a gift from the estate of John T. Fargason, Sr., deceased, or the executors thereof.

In the case of *Estate of John F. Dodge*, 13 B. T. A. 201, 222, we said: " A gift or contribution of land is completed by delivery of a deed therefor to the grantee, either actually or constructively." To the same effect see *Jost* v. *Wolf*, 130 Wis. 37; 110 N. W. 232.

The deed in the instant case, however, contained a "condition subsequent" which we have set out in full in our findings. The conditions specified were such that might never arise. It is the general rule of law that such conditions do not invalidate a gift otherwise absolute in form. See *Beaumont* v. *Beaumont* (C. C. A., 3d Cir.), 152 Fed. 55; *Gould* v. *Van Horne*, 187 Pac. 35; 43 Cal. App. 145; *Pierce* v. *Brown University*, 43 Atl. 878; 21 R. I. 392; *Flint* v. *Ruthrauff*, 26 App. Div. 624; 53 N. Y. S. 206; *Bennett* v. *Cook*, 28 S. C. 353; 6 S. E. 28; and *Hackett* v. *Moxley*, 65 Vt. 71; 25 Atl. 898. In *Pierce* v. *Brown University*, *supra*, the heirs of a donor (Almira T. Metcalf) were seeking to recover possession of a tract of land for breach of condition contained in a deed of gift from the donor to the Brown University. The condition in the deed was as follows:

> Provided, however, and this deed is upon this express condition, that said Brown University and its successors shall forever hold said tract of land and devote the same exclusively to academic and scientific purposes, including the erection and maintenance on said premises of dwelling houses for the use of the professors, officers, and servants of said Brown University, if said University shall so desire, and to the establishment and maintenance thereon of a botanical garden, which shall bear the name of my late husband, Whiting Metcalf, and that upon the breach of this condition at any time hereafter by said Brown University or its successors this deed shall become null and void, and the estate hereby granted shall be forfeited and shall thereupon revert to, and be vested in, the grantor, her heirs and assigns.

The Supreme Court of Rhode Island in sustaining the lower court to the effect that a valid gift existed and that no forfeiture had occurred said:

> We think the conclusion of Mr. Justice Rogers was correct. In addition to the facts found by him, it appears from the testimony of Mr. William Goddard that Mrs. Almira T. Metcalf entertained a sentiment for the place, as the home in which she had enjoyed many happy years, and for a long time had cherished a desire to convey it to Brown University. Her intent expressed in the deed is not merely to give to Brown University a tract of land to be devoted exclusively to academic and scientific purposes, and cause to be established and maintained a botanical garden thereon, but forever to preserve the land, and forever to perpetuate the name of her husband, Whiting Metcalf. Place and person, home and husband, were happily associated, and she desired to permanently continue the association of name and place. The desire for perpetuation of names furnishes the strongest of motives; it has caused the construction of pyramids, the erection of monuments and memorial buildings; and perhaps one of the most practical methods of accomplishing such result is by connecting a name with some charitable or educational object through a corporation devoted to the same, likely to endure because worthy of enduring. Under the circumstances, a forfeiture should not hastily be inferred. A forfeiture would defeat the very end the doner had in view. The land would no longer be preserved. The heir would take it subject to no condition or restriction, and at no distant date, in all probability, it would be divided into house lots, and sold to different persons, having no interest in the perpetuation of the name of Whiting Metcalf

which would soon cease to be associated with the place. New trial denied, and judgment rendered, on the decision of Mr. Justice Rogers, for the defendant for costs.

In *Bennett* v. *Cook, supra*, it appears, from the evidence, that the intestate some time before his death said:

All I've got I have carried to Joe Cook's, and there is where I expect to stay until I die. And this horse I have given to Joe Cook on condition that, when I want to ride, he is my horse, and when I have no use for the horse, it's Joe Cook's and all that I have.

The court there held that the reservation of the right to use was a condition subsequent, and did not invalidate the gift though made by parol.

In *Hackett* v. *Moxley, supra*, the donor delivered a note to another with no limitations or qualifications except that the donor " reserved the right to use such portion of the avails of the note as she might require during her lifetime." The Supreme Court of Vermont held the transfer to constitute " a valid gift " and said: " The condition annexed to the gift does not nullify it."

In our opinion the conveyance of the 14.68 acres in the instant case was a valid gift notwithstanding the fact that there was attached thereto a condition subsequent which might or might never arise. The statute does not specify that only certain kinds of gifts are deductible. The only limitation found in the statute is as to the class of " donees " and in an amount not to exceed 15 per centum of the taxpayer's net income as computed without the benefit of that paragraph of the statute. We conclude, therefore, that a gift with a condition subsequent attached, such as is present in the instant case, comes within the statute, and, if made to a donee of the class prescribed, is deductible up to the 15 per cent limitation. The Southwestern University was a corporation organized and operated exclusively for educational purposes, no part of the net earnings of which inured to the benefit of any private stockholder or individual. It only remains for us to determine the amount of the deduction.

The statute does not specify any basis for the calculation of the amount of the gift where the gift is other than money. We think, however, that the basis in such cases should be the fair market value of the property at the time of the gift. This view is in accord with the respondent's regulations on the subject as amended by Law Opinion No. 1118, published in Cumulative Bulletin II–2, at pages 148 to 151.

We have found as a fact that the fair market value of the 14.68 acres of land on January 4, 1922, was $36,700, or at the rate of $2,500 per acre. The petitioner's one-half interest therein before the gift would amount to $18,350. If the gift in question had been an unconditional gift, the amount of $18,350 would be the amount of the

deduction to be allowed on account of the gift, provided it and the amount of any other gifts, if any, did not exceed the 15 per cent limitation. But where, as in the instant case, a condition subsequent which may or may not arise attaches to the gift, we do not think that such a gift is worth as much as one without any condition attached. We do not think, however, that the objection just stated is applicable here from a practical standpoint, for the reason that the maximum amount allowable under the statute in the instant case is $8,238.31 (15 per cent of $56,088.76, less $175) and we are convinced, and so find, that petitioner's share of the gift with the condition subsequent attached was worth at least the amount of $8,238.31.

The deficiency should be recomputed upon the basis of a net income of $47,675.45 instead of $55,913.76.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*