**SUISMAN v. EATON, Collector of Internal Revenue.**

**No. 3597.**

District Court, D. Connecticut.
July 18, 1935.

114

Henry M. Gretsch, of New York City, for plaintiff.

Frank J. Wideman, Asst. Atty. Gen., Andrew D. Sharpe and Paul R. Russell, Sp. Assts. to the Atty. Gen., and Robert P. Butler, U. S. Atty., and George H. Cohen, Asst. U. S. Atty., both of Hartford, Conn., for defendant.

HINCKS, District Judge.

This is an action to recover income taxes heretofore paid. A jury having been waived, the case was tried to the court.

### Facts.

1. The plaintiff, Sarah P. Suisman, of West Hartford, Conn., is the widow and residuary legatee under the will of Michael Suisman, late of Hartford, Conn., deceased, who died testate on April 4, 1921, leaving four children surviving him besides the plaintiff herein.

2. By his will, said decedent provided for the payment of his debts and funeral expenses, made certain charitable bequests, and bequeathed and devised his entire estate remaining after the aforesaid payments and bequests to the Hartford Trust Company, his executor, in trust for the following purposes:

"4. * * *

"(b) I order that The Hartford Trust Company, my herein named Trustee, pay to each of my children at their arriving at the age of twenty-five years, the sum of Fifty Thousand Dollars ($50,000).

"(c) When my youngest child shall have reached the age of twenty-five years and shall have received the payment of Fifty Thousand Dollars ($50,000) hereinabove specified to be paid to each child, I order my herein named Trustee to pay all of the balance and residue of my estate to Sarah P. Suisman, my beloved wife, to be hers absolutely.

"(d) All of the income of my estate during the pendency of the arriving at the age of twenty-five years of any of my children shall be paid to Sarah P. Suisman, my beloved wife, to be used by her for the maintenance of the household and for the support of said children.

"(e) In the event that any child shall have married before reaching the age of twenty-five and shall die before reaching that age, I order that the share which would have been taken by such child shall be divided equally among his wife and issue, if any there be.

"(f) And in the event that any child die leaving no issue, I order that of the sum which would have been taken by such child had he reached the age of twenty-five years Twenty-five Thousand Dollars ($25,000) shall be paid to his surviving wife and the balance shall remain in my estate subject to Provision 4 (c) of this Will.

"(g) In the event of the death of my wife, Sarah P. Suisman, before my youngest child shall have reached the age of twenty-five years, I order that all of the residue of my estate shall be held by said The Hartford Trust Company pending the arrival of said child at the age of twenty-five years, and when said child shall have reached the age of twenty-five years I order my herein named Trustee, as above set forth, to pay to said child the sum of Fifty Thousand Dollars ($50,000), and at said time I further order that all of my estate shall be divided into four equal parts and that each child shall take one of said parts and that said trust shall then be terminated and ended."

3. On or about September 10, 1922, the probate administration of the estate having been completed, the Hartford Trust Company, as executor, transferred to itself, as sole testamentary trustee, the corpus of the trust estate, and as trustee administered the same until May 15, 1930, when the testator's youngest child attained the age of 25 years. Shortly thereafter, the residue of the trust estate was distributed to the plaintiff, pursuant to the will.

4. The testator's eldest child, Minerva Suisman Sudarsky, attained the age of 25 years on February 22, 1924. She being then entitled to the payment of her legacy of $50,000 under the will, the Hartford Trust Company, as trustee, with the consent of the plaintiff and the other children of the decedent, in full satisfaction of her legacy, transferred to the said Minerva 92 shares of certain life

insurance stocks which theretofore had at all times been a part of the trust corpus; said stocks at the time of the transfer having a fair market value of $50,025. The $25, whereby the value of the stocks exceeded the amount of the legacy, was repaid to the trustee in cash by the said Minerva, or on her behalf.

5. The income tax return for 1924, filed by the trustee of the trust estate, reported the stock transaction set forth in the preceding paragraph as a sale or other disposition of said 92 shares of stock. Thereupon it computed a gain or profit upon which the tax liability was $473.26, and the tax on the said profit was duly paid; the last installment thereof being paid on December 10, 1925.

6. Thereafter, a deficiency in the sum of $972.54, together with interest amounting to $186.53, was determined upon a corrected basis for the computation of said gain, which was duly assessed and paid on June 14, 1928.

7. On September 2, 1928, a claim for refund in the sum of $909.80 was filed, based upon the contention that the proper basis for computing the gain from the sale of said securities was the value thereof at the time of distribution thereof by the executor to the trustee instead of the date of the decedent's death.

8. Said claim was rejected by the Commissioner and its disallowance appeared in the Commissioner's schedule dated December 3, 1928.

9. A request that the claim be reconsidered was made on behalf of the estate on November 22, 1928, which request was denied by the Commissioner of Internal Revenue on May 20, 1929.

10. A second claim for refund for 1924 in the sum of $1,632.33 was filed on behalf of the estate on January 8, 1931, and rejected by the Commissioner of Internal Revenue on August 3, 1931. The basis of this claim was that the transfer of the securities in satisfaction of the pecuniary legacy was not taxable as a sale or other disposition of property. It is on this same theory that this action is prosecuted.

11. This action was begun July 12, 1933.

### Law.

1. The testator's daughter, Minerva, under the will upon the testator's death acquired an equitable right to receive the sum of $50,000 in cash from the general assets of the trust corpus, upon attaining the age of 25 years. This legacy was general rather than specific; it was equitable rather than legal; if I considered it material, I should hold it contingent rather than absolute or vested.

2. Under the will the said Minerva acquired no title, legal or equitable, to any specific assets of the estate.

3. Under the will, the legacy was a general charge upon the trust corpus. The trustee was in equity under obligation to pay to the said Minerva when she became 25 the sum of $50,000 in cash out of the assets of the trust estate, and had full power to convert the assets into cash at least in so far as necessary to satisfy said obligation.

4. When the said Minerva received stock of the value of $50,000 in full satisfaction of her legacy, her right, against the trustee and trust corpus, and the correlative liabilities were wholly satisfied and extinguished; a conclusion which is required even if Minerva's equitable right under the will vested upon the testator's death.

5. The transfer of said securities by the trustee to the said Minerva was a "sale or other disposition" of said securities within the meaning of section 202 of the Revenue Act of 1924, 43 Stat. 255. 26 U.S.C.A. § 933 (see 26 U.S.C.A. § 111 note).

6. The property which the trust estate received from the "sale or other disposition" of said stocks was the discharge of the corpus from Minerva's equitable right to receive $50,000 therefrom; the amount realized, i. e., the "fair market value of the property (other than money) received," within the meaning of said section 202 (c), was $50,000; and the excess of the amount realized over the basis was properly computed by the Commissioner, legally assessed as part of the taxable income of the trust estate, and the tax thereon was legally collected.

7. The defendant on the merits is entitled to judgment and costs. There is thus no need to state conclusions as to the legal sufficiency of the defense that plaintiff's right of action is barred by the statute of limitations.

Judgment may enter for the defendant with costs.