## KENAN, Jr., v. COMMISSIONER OF INTERNAL REVENUE.

### Nos. 276, 398.

Circuit Court of Appeals, Second Circuit.

Aug. 7, 1940.

Arthur A. Ballantine and George E. Cleary, both of New York City, for petitioners and cross-respondents William R. Kenan, Jr., and Lawrence C. Haines.

Samuel O. Clark, Asst. Atty. Gen., and Sewall Key and L. W. Post, Sp. Assts. to the Atty. Gen., for respondent and cross-petitioner Commissioner of Internal Revenue.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The testatrix, Mrs. Bingham, died on July 27, 1917, leaving a will under which she placed her residuary estate in trust and provided in item "Seventh" that her trustees should pay a certain amount annually to her niece, Louise Clisby Wise, until the latter reached the age of forty, "at which time or as soon thereafter as compatible with the interests of my estate they shall pay to her the sum of Five Million ($5,000,000.00) Dollars." The will provided in item "Eleventh" that the trustees, in the case of certain payments including that of the $5,000,000 under item "Seventh", should have the right "to substitute for the payment in money, payment in marketable securities of a value equal to the sum to be paid, the selection of the securities to be substituted in any instance, and the valuation of such securities to be done by the Trustees and their selection and valuation to be final."

Louise Clisby Wise became forty years of age on July 28, 1935. The trustees decided to pay her the $5,000,000 partly in cash and partly in securities. The greater part of the securities had been owned by the testator and transferred as part of her estate to the trustees; others had been purchased by the trustees. All had appreciated in value during the period for which they were held by the trustees, and the Commissioner determined that the distribution of the securities to the niece resulted in capital gains which were taxable to the trustees under the rates specified in Section 117 of the Revenue Act of 1934, which limits the percentage of gain to be treated as taxable income on the "sale or exchange" of capital assets. On this basis, the Commissioner determined a deficiency of $367,687.12 in the income tax for the year 1935.

The Board overruled the objections of the trustees to the imposition of any tax and denied a motion of the Commissioner to amend his answer in order to claim the full amount of the appreciation in value as ordinary income rather than a percentage of it as a capital gain, and confirmed the original deficiency determination. The taxpayers contend that the decision of the Board was erroneous because they realized neither gain from the sale or exchange of capital assets nor income of any character by delivering the securities to the legatee pursuant to the permissive terms of the will. The Commissioner contends that gain was realized by the delivery of the securities but that such gain was ordinary income not derived from a sale or exchange and therefore taxable in its entirety. The trustees have filed a petition to review the order of the Board determining the deficiency of $365,687.12 and the Commissioner has filed a cross-petition claiming a deficiency of $1,238,841.99, based on his contention that the gain was not governed by Section 117, and therefore not limited by the percentages therein specified.

The amount of gain is to be determined under Section 111 of the Revenue Act of 1934, which provides:

"(a) Computation of gain or loss. The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis * * *.

"(b) Amount realized. The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received."

Section 113, 26 U.S.C.A. Int.Rev.Code, § 113, is claimed by the taxpayers to be relevant and provides:

"(a) The basis of property shall be the cost of such property; except that—
* * * * * *
"(5) Property transmitted at death. If the property was acquired by bequest, devise, or inheritance, or by the decedent's estate from the decedent, the basis shall

be the fair market value of such property at the time of such acquisition."

### The Taxpayer's Appeal.

In support of their petition the taxpayers contend that the delivery of the securities of the trust estate to the legatee was a donative disposition of property pursuant to the terms of the will, and that no gain was thereby realized. They argue that when they determined that the legacy should be one of securities, it became for all purposes a bequest of property, just as if the cash alternative had not been provided, and not taxable for the reason that no gain is realized on the transfer by a testamentary trustee of specific securities or other property bequeathed by will to a legatee.

We do not think that the situation here is the same as that of a legacy of specific property. The legatee was never in the position occupied by the recipient of specific securities under a will. She had a claim against the estate for $5,000,000, payable either in cash or securities of that value, but had no title or right to the securities, legal or equitable, until they were delivered to her by the trustees after the exercise of their option. She took none of the chances of a legatee of specific securities or of a share of a residue that the securities might appreciate or decline in value between the time of the death of the testator and the transfer to her by the trustees, but instead had at all times a claim for an unvarying amount in money or its equivalent.

If there had merely been a bequest to the legatee of $5,000,000 and she had agreed with the trustees to take securities of that value, the transaction would have been a "sale or other disposition" of the securities under Suisman v. Eaton, 15 F. Supp. 113, affirmed, 2 Cir., 83 F.2d 1019, certiorari denied 299 U.S. 573, 57 S.Ct. 37, 81 L.Ed. 422. There, a will creating a trust provided that each of the testator's children was to receive $50,000 on attaining the age of twenty-five. The trustee transferred stock of the value of $50,000 to one of the children, Minerva, in satisfaction of her legacy. Judge Hincks said in the district court (15 F.Supp. at page 115), that the "property which the trust estate received from the 'sale or other disposition' of said stocks was the discharge of the corpus from Minerva's equitable right to receive $50,000 therefrom; the amount realized, i. e., the 'fair market value of the

property (other than money) received,' * * * was $50,000; and the excess of the amount realized over the basis was properly computed by the Commissioner, legally assessed as part of the taxable income of the trust estate, and the tax thereon was legally collected."

In the present case, the legatee had a claim which was a charge against the trust estate for $5,000,000 in cash or securities and the trustees had the power to determine whether the claim should be satisfied in one form or the other. The claim, though enforceable only in the alternative, was, like the claim in Suisman v. Eaton, supra, a charge against the entire trust estate. If it were satisfied by a cash payment securities might have to be sold on which (if those actually delivered in specie were selected) a taxable gain would necessarily have been realized. Instead of making such a sale the trustees delivered the securities and exchanged them pro tanto for the general claim of the legatee, which was thereby satisfied.

It is said that this transaction was not such a "sale or other disposition" as is intended by Section 111(a) or was dealt with in Suisman v. Eaton, because it was effectuated only by the will of the trustees and not, as in Suisman v. Eaton, through a mutual agreement between trustee and legatee. The Board made no such distinction, and we are not inclined to limit thus the meaning of the words "other disposition" used in Section 111(a), or of "exchange" used in Section 117. The word "exchange" does not necessarily have the connotation of a bilateral agreement which may be said to attach to the word "sale." Thus, should a person set up a trust and reserve to himself the power to substitute for the securities placed in trust other securities of equal value, there would seem no doubt that the exercise of this reserved power would be an "exchange" within the common meaning of the word, even though the settlor consulted no will other than his own; although, of course, we do not here advert to the problems of taxability in such a situation.

The Board alluded to the fact that both here and in Suisman v. Eaton the bequest was fixed at a definite amount in money, that in both cases there was no bequest of specific securities (nor of a share in the residue which might vary in value), that the rights of the legatee, like those in the Suisman case, were a charge upon the

corpus of the trust, and that the trustees had to part either with $5,000,000 in cash or with securities worth that amount at the time of the transfer. It added that the increase in value of the securities was realized by the trust and benefited it to the full extent, since, except for the increase, it would have had to part with other property, and it cited in further support of its position United States v. Kirby Lumber Co., 284 U.S. 1, 52 S.Ct. 4, 76 L.Ed. 131. Under circumstances like those here, where the legatee did not take securities designated by the will or an interest in the corpus which might be more or less at the time of the transfer than at the time of decedent's death, it seems to us that the trustees realized a gain by using these securities to settle a claim worth $5,000,000, just as the trustee in Suisman v. Eaton realized one.

■ It seems reasonably clear that the property was not "transmitted at death" or "acquired by bequest * * * from the decedent." Section 113(a)(5). It follows that the fears of the taxpayers that double taxation of this appreciation will result because the legatee will take the basis of the decedent under Brewster v. Gage, 280 U.S. 327, 50 S.Ct. 115, 74 L.Ed. 457, are groundless. It is true that under , Section 113(a)(5) the basis for property "acquired by bequest, devise, or inheritance" is "the fair market value of such property at the time of such acquisition" and that under Brewster v. Gage, supra, the date of acquisition has been defined as the date of death of the testator. But the holding of the present case is necessarily a determination that the property here acquired is acquired in an exchange and not "by bequest, devise or inheritance," since Sections 117 and 113(a)(5) seem to be mutually exclusive. The legatee's basis would seem to be the value of the claim surrendered in exchange for the securities; and the Board of Tax Appeals has so held. Sherman Ewing v. Commissioner of Internal Revenue, 40 B.T.A. 911.

### The Commissioner's Appeal.

■ We have already held that a taxable gain was realized by the delivery of the securities. It follows from the reasons that support that conclusion that the appreciation was a capital gain, taxable at the rates specified in Section 117. Therefore, neither under Section 111(a) nor under Section 22(a), 26 U.S.C.A. Int.Rev.Acts,

page 669, can the gain realized be taxed as ordinary income.

There can be no doubt that from an accounting standpoint the trustees realized a gain in the capital of their trust when they disposed of securities worth far more at the time of disposition than at the time of acquisition in order to settle (pro tanto) a claim of $5,000,000. It would seem to us a strange anomaly if a disposition of securities which were in fact a "capital asset" should not be taxed at the rates afforded by Section 117 to individuals who have sold or exchanged property which they had held for the specified periods. It is not without significance that the appeal of the Commissioner was plainly an afterthought. The original deficiency was determined on the theory that the capital gains rates were applicable and the Commissioner sought to amend his answer so as to claim that ordinary rates should be applied only after the case had been orally argued before the Board. The Board denied his motion to reopen the case for the consideration of this contention. Since we find that the Commissioner's cross-petition is unfounded on the merits, we have no reason to consider the technical question whether the denial of the motion to amend the answer was an abuse of discretion.

■ The purpose of the capital gains provisions of the Revenue Act of 1934 is so to treat an appreciation in value, arising over a period of years but realized in one year, that the tax thereon will roughly approximate what it would have been had a tax been paid each year upon the appreciation in value for that year. Cf. Burnet v. Harmel, 287 U.S. 103, 106, 53 S.Ct. 74, 77 L.Ed. 199. The appreciation in value in the present case took place between 1917 and 1935, whereas the Commissioner's theory would tax it as though it had all taken place in 1935. If the trustees had sold the securities, they would be taxed at capital gain rates. Both the trustees and the Commissioner, in their arguments as respondent and cross-respondents, draw the analogy between the transaction here and a sale, and no injustice is done to either by taxing the gain at the rates which would apply had a sale actually been made and the proceeds delivered to the legatee. It seems to us extraordinary that the exercise by the trustees of the option to deliver to the legatee securities, rather than cash,

should be thought to result in an increased deficiency of enormous proportions.

Orders affirmed.