INTERNATIONAL FREIGHTING CORPORATION, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102558.   Promulgated November 14, 1941.

*David C. Moore, Esq.*, for the petitioner.
*Harold D. Thomas, Esq.*, for the respondent.

718

OPINION.

HARRON: The bonus distributed by petitioner to certain of its employees in 1936 was additional compensation to the employees in 1936 for services performed in earlier years. The parties agree that the bonus constituted payment of additional compensation.

The bonus awards refer only to a stock bonus, that is, the awards do not state a monetary value of the bonus, the services, or the stock. For example, the "B" bonus awards in question were made in substantially the following terms: A "B" bonus award of X shares of du Pont Co. stock is made to John Henry, employee. The transaction was a payment for services in property, other than money. The property was not petitioner's own stock, but stock of another company. That stock was acquired by petitioner at a cost of $16,153.36. It had a fair market value of $24,858.75 on the date of distribution. The employees who received the stock had no interest whatsoever in the stock in question until the date of the award or the date of delivery, which is the same date for the purposes of this case.

The first question relates to the correct amount of the deduction by petitioner under section 23 (a) of the Revenue Act of 1936 as business expense. Petitioner deducted in its return $24,858.75. Respondent allowed $16,153.36, with the explanation that, "Inasmuch as the bonus was paid in property, it is held that the basis for calculation of the amount thereof is the cost of such property and not its market value as claimed on the return."

Respondent's argument is, briefly, that, since petitioner paid out only stock, since its obligation was only to deliver stock, petitioner did not give up, for purposes of a tax deduction, any more than the stock in question cost, or, $16,153.36. Respondent waives any claim that a deduction for $24,858.75 should be denied on the ground that such additional compensation for services, added to regular salaries, exceeds a total reasonable compensation for services rendered. We do not have before us any question of reasonableness of compensation in the taxable year.

On the first question, by force of extended authority on the question, it must be held that the deduction for the bonus awards must be

measured by the fair market value of the stock on the date of distribution, or, $24,858.75. The Commissioner's regulation [1] applicable to the recipients of the award is that the fair market value of the stock received in payment of services is the amount to be reported as income. It has been said before, that a logical application of the above regulation requires giving effect to it by analogy to returns filed by the employer. Logically, what the employee receives as additional compensation,[2] the employer has paid as additional compensation. *Alger-Sullivan Lumber Co.* v. *Commissioner*, 57 Fed. (2d) 3; *Package Machinery Co.*, 28 B. T. A. 980 (and cases cited); affd., *per curiam*, 74 Fed. (2d) 1015; Montgomery, Federal Tax Handbook, 1940–41, p. 418.

The Board has taken the view, in its consideration of this question, that the determining factor is to be found in the nature of the liability of the employer. If the liability is not to pay a specific sum in terms of dollars and cents, but only to distribute a certain number of shares of stock, then, when the liability is to be translated into dollars and cents for purposes of a tax deduction, that translation must be based upon the fair market value of the stock as of the date of issue. *Package Machinery Co., supra.* Cf. *Liquid Carbonic Corporation*, 34 B. T. A. 1191, where the additional compensation voted to employees was at fixed amounts in dollars and cents, and it was held that the bonus liability was the amount fixed in dollars and cents, which amount was deductible. In that case the Board distinguished the *Package Machinery Co.* case.

It is true that in the *Package Machinery Co.* case the employer-petitioner gave its own stock in payment of additional compensation, whereas, in this case petitioner distributed stock of another corporation. We do not regard that difference in the facts as material. In our opinion the rule is the same whether the bonus is paid by the employer in its own stock or in stock of another corporation. The determining factor is that the employer is paying and the employee is receiving compensation. For purposes of reporting income the compensation in stock must be translated into a monetary value, and this is likewise true for the purpose of the employer's deduction for compensation paid, where the services of the employee have not been given a stipulated price in the bonus award.

It appears to be exceptional for a bonus to be paid in stock other than the stock of the employer-corporation. The regulations of the

---

[1] ART. 22 (a)–3. [Regulations 94.] *Compensation paid other than in cash.*—If services are paid for with something other than money, the fair market value of the thing taken in payment is the amount to be included as income. * * *

[2] In the following cases it has been held that income to employees from stock given to them as compensation by the employer is measured by the fair market value of the stock when received: *Lyle H. Olson*, 24 B. T. A. 702, 707; *Albert Russel Erskine*, 26 B. T. A. 147; *Crowell* v. *Commissioner*, 62 Fed. (2d) 51; *Olson* v. *Commissioner*, 67 Fed. (2d) 726; *Edward J. Epsen*, 44 B. T. A. 322. See also A. R. M. 114, C. B. No. 4 (1921), p. 137.

Commissioner, however, cover both situations. In Regulations 94, applicable to the taxable year, the general provision is that if services are paid for with something other than money, the fair market value of the thing taken in payment is the amount to be included in income. It is also provided, that, "If a corporation transfers to its employees its own stock as compensation for services * * *, the amount of such compensation to be included in the gross income of the employee is the fair market value of the stock at the time of the transfer." The specific provision is the same as the broad and general provision. It is clear that when a bonus is paid in stock of another corporation the Commissioner's regulation requires that it be returned in income by the employee at fair market value. See *Crowell* v. *Commissioner*, 62 Fed. (2d) 51, 52.

It is held that petitioner is entitled to a deduction for compensation paid in the taxable year in the amount of $24,858.75.

The second question is whether petitioner realized any gain by paying the bonus in stock which cost it $16,153.36. In the alternative respondent contends, in effect, petitioner satisfied an obligation of a value of $24,858.75 with property which cost less, and realized a gain of $8,705.39.

Under the broad definition of income in section 22 (a) of the Revenue Act of 1936, income includes gain derived from dealings in property growing out of use of or interest in such property. Where an obligation in a fixed amount is satisfied by a transfer by the obligor of property acquired at a lower amount, the obligor realizes gain in the amount of the difference. *Twin Ports Bridge Co.*, 27 B. T. A. 346. When petitioner made the bonus awards in question it incurred an obligation. No doubt, petitioner incurred, also, an obligation to pay as damages an amount measured by the fair market value of the stock at that time in the event the stipulated stock was not distributed. *Globe Refining Co.* v. *Landa Cotton Oil Co.*, 190 U. S. 540, 543 (involving a contract other than an agreement to pay a bonus). However, aside from such consideration, there was a liability for payment of additional compensation, which liability has been measured by the fair market value of the stock at the date of distribution for purposes of an expense deduction, and, so measured, the liability has been fixed at $24,858.75. Taxation is a practical subject. A taxpayer may not receive a deduction for an expense in a greater amount than it is obligated to pay. Petitioner can not at one moment claim the deduction for a business expense in the amount of $24,858.75, and at another moment say that such amount is not a true measure of its obligation. The second question involves, too, an application of logic. It must be concluded that petitioner satisfied an obligation in the above amount in a transfer of property which, having cost it less, resulted in a

realized gain, and that petitioner's income must be increased by the difference. It is so held.

Petitioner relies on *General Utilities & Operating Co.* v. *Helvering*, 296 U. S. 200. The holding there was founded upon the premise that assets were not used to discharge an indebtedness. The premise here is that assets were used to discharge an obligation. That premise is a necessary corollary to petitioner's claim for an expense deduction in the amount of the fair market value of the stock in question at the date of distribution. In the *General Utilities* case there was no such corollary. Consequently we believe that this case does not come within the rule of the *General Utilities* case, and that it is not controlling here.

Reviewed by the Board.

> *Decision will be entered that there is a deficiency of $2,156.76.*

TURNER and OPPER concur only in the result.