**COMMISSIONER OF INTERNAL REVE-
NUE v. HALLIWELL.**

No. 60.

Circuit Court of Appeals, Second Circuit.

Dec. 1, 1942.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and L. W. Post, Sp. Assts. to the Atty. Gen., for petitioner.

Theodore B. Benson, of Washington, D. C., for respondent.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

The question presented is whether the taxpayer realized taxable gain on the transfer of certain securities, pursuant to a decree of divorce, to his former wife. The tax court answered this question in the negative, 44 B.T.A. 740, following its own prior decision in Mesta v. Commissioner, 42 B.T.A. 933, which was subsequently reversed by the Third Circuit. Commissioner v. Mesta, 123 F.2d 986.

The facts are undisputed. In March 1938 the taxpayer's wife commenced an action for divorce in the Superior Court for Litchfield County, Connecticut. During the pendency of the action the husband and wife agreed, subject to approval by the court, that in the event of divorce she should have custody of their minor child and he would pay her as alimony and for support of the child "a lump sum, consisting of the securities and cash specified and described" in the agreement. On the date of execution of the agreement the wife also executed a release of all rights to share in the husband's estate upon his death. Thereafter a decree was entered awarding the wife an absolute divorce and custody of the child. The decree also contained findings that the husband's property had an approximate value of $1,500,000 and that "Securities and cash of the approximate value of $462,561. are a reasonable portion of the defendant's estate to be assigned to the plaintiff as provided by and

in compliance with the terms of the agreement aforesaid"; and it directed the husband to transfer to the wife "as alimony and in full of his obligation for the support of said minor child," the specified securities and cash, "or substitutes therefor," and adjudged that upon delivery of the securities and cash the husband should be "discharged of all past or future obligations for the support of" the wife and child. At the date of their delivery the specified securities were worth $461,887.62; their cost to the petitioner was $160,038.97.

In all essential respects the case is the same as Commissioner v. Mesta, 3 Cir., 123 F.2d 986. With that decision we agree. The taxpayer attempts to distinguish it because in Pennsylvania a wife cannot be awarded alimony on obtaining an absolute divorce while in Connecticut she may. Conn.Gen.Stat.1930, rev. § 5182. Hence it is argued that in the Mesta case the wife's right to the stock transferred by her husband rested solely on the contract between them, while in the case at bar the divorce decree "operates as a division or partition, between the husband and wife, of his property, in such proportion as the court, by its decree, determines." Lyon v. Lyon, 21 Conn. 185, 198. But, as explained in Scott v. Scott, 83 Conn. 634, 639, 78 A. 314, 21 Ann.Cas. 965, this means merely that alimony is viewed as an allowance out of the husband's property in lieu of the support to which the wife was entitled and of which she has been deprived through the husband's default in performing his marriage contract. The distinction attempted by the taxpayer is without substance. Mrs. Halliwell's statutory rights to share in her husband's estate in case of his death [1] gave her no present right in the specific securities which he owned in July 1938; he could sell or otherwise dispose of them without her consent. His use of them to discharge his obligations of support to his wife and child was a disposition which enabled him to realize the enhancement in value which the securities sustained during his ownership of them. Commissioner v. Mesta, supra; cf. Kenan v. Commissioner, 2 Cir., 114 F.2d 217. The gain so realized must be taken into account in determining his income tax. Revenue Act of 1938, §§ 111, 112, 113, 117, 52 Stat. 484, 26 U.S.C.A. Int.Rev. Acts, pages 1041–1048, 1061.

Order reversed.

[1] Conn.Gen.Stat.1930 rev. §§ 5154, 5156; N.Y.Decedent Estate Law § 18; see Bodner v. Feit, 247 N.Y.App.Div. 119.