Lindsay C. Howard, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Lindsay C. Howard and Lucille K. Howard, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 41735, 41736.    Filed March 10, 1955.

*A. Calder Mackay, Esq., Adam Y. Bennion, Esq.,* and *Richard N. Mackay, Esq.,* for the petitioners.

*Charles H. Chase, Esq.,* for the respondent.

964

### OPINION.

RAUM, *Judge:* The sole issue involves the basis for gain or loss of the 600 shares of stock sold by petitioner during 1948. The Commissioner contends that since the stock had been received by the trustee on December 20, 1923, in a tax-free exchange and thus acquired a basis of $143.9873 per share in the hands of the trustee, that basis carried over in the hands of petitioner when the shares were distributed to him several years later in extinguishment of his claim to his share of the accumulated earnings of the automobile business. The Commissioner relies upon *Maguire* v. *Commissioner*, 313 U. S. 1; *Helvering* v. *Reynolds*, 313 U. S. 428; and *Richard Archbold*, 40 B. T. A. 1238, affirmed, 115 F. 2d 1005 (C. A. 2), certiorari denied, 313 U. S. 584. These cases relate in general to the basis of property distributed in kind by a fiduciary in accordance with the provisions of a testamentary or inter vivos trust. They do not rule this case, where petitioner surrendered a money claim against the trustee in order to obtain a distribution of a portion of the trust corpus. The use by the trustee of the stock to satisfy petitioner's claim was a "sale or other disposition" of the stock (cf. sec. 111 (a), I. R. C., 1939), and the claim which petitioner surrendered in order to obtain the stock represented his purchase price for the stock. The stock therefore acquired a basis equal to the amount of that claim. This result is plainly required

by the cases that have dealt with the problem. *Sherman Ewing*, 40 B. T. A. 912; *Commissioner* v. *Matheson*, 82 F. 2d 280 (C. A. 5), affirming 31 B. T. A. 493; *Commissioner* v. *Brinckerhoff*, 168 F. 2d 436 (C. A. 2), affirming 8 T. C. 1045. Cf. *Suisman* v. *Eaton*, 15 F. Supp. 113, affirmed per curiam, 83 F. 2d 1019 (C. A. 2), certiorari denied, 299 U. S. 573; *William R. Kenan*, 40 B. T. A. 824, affirmed, 114 F. 2d 217 (C. A. 2).

The money claim which petitioner gave up in order to acquire the stock was his share of the earnings of the business. Respondent's suggestion that petitioner did not have a money claim to relinquish is without substance. Respondent points to a decree entered March 6, 1924, by a California court to the effect that 3,000 shares of the stock "pertain to plaintiff as Trustee of the trust declared * * * for the defendant Lindsay C. Howard." Whatever may be meant by the word "pertain" in that decree, it is plain that the court was not in any way undertaking to subtract from the rights accorded to petitioner in the trust instrument to demand his allocable share of the accumulated earnings of the business, and such claim was clearly a money claim.

Moreover, the money claim was not, as respondent maintains in his alternative contention, merely petitioner's allocable share of the earnings of the trust. The automobile business earned substantial amounts between the date of incorporation and the time when the shares were distributed to petitioner. Such earnings were not declared as dividends. But the trust instrument makes clear that petitioner's allocable share was to be one-fifth of the net income of the "business," which accumulated from the date the trust was created to the date that he attained his majority. Accordingly, the measure of his claim must include not only the income of trust up to the date of incorporation, but also the net income of the corporation from that date until the time that petitioner became 21 years of age. The trustee acted upon this assumption in computing the number of shares to be distributed to petitioner, and we think that such action was in accord with the correct interpretation of the trust instrument. We therefore rule in petitioner's favor.

*Decisions will be entered under Rule 50.*