James W. Hendricks, Peter, Heyburn & Marshall, Louisville, Ky., for plaintiffs.

William E. Scent, U. S. Atty., Louisville, Ky., for defendant.

**J. H. ZIMMERS and Virginia Zimmers, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 4043.**

United States District Court
W. D. Kentucky,
at Louisville.

Oct. 31, 1961.

BROOKS, Chief Judge.

This action for refund of income tax payments is submitted on plaintiff's motion for a judgment on the pleadings. The issue to be decided is whether the taxpayer realized taxable gain under Section 1001 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 1001, when he was required by a divorce decree to transfer certain shares of stock to his former wife.

The complaint alleges that as a condition of the property settlement in a contested divorce proceeding the taxpayer was required by the judgment of Wayne County Circuit Court of the State of Michigan to transfer certain common stock which had appreciated in value to his former wife, and that upon audit of his income tax return it was determined that he received gain on the transfer to the extent of the difference between the basis of the stock and its fair market value on the date of transfer. The assessed deficiency was paid and, when the taxpayer's claim for refund was denied, this action was filed. The defendant's answer raises no issue of fact that need be determined in disposing of this controversy.

The taxpayer relies for refund squarely on Commissioner of Internal Revenue v. Marshman, 279 F.2d 27 (C.A.6, 1960),

cert. denied 364 U.S. 918, 81 S.Ct. 282, 5 L.Ed.2d 259. In Marshman, after pointing out that Section 111(b) of the 1939 Code, 26 U.S.C.A. § 111(b), the predecessor of Section 1001 of the 1954 Code, provided that "the amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received" [279 F.2d 30] Judge Miller agreed with the reasoning of the Board of Tax Appeals in its opinion in L. W. Mesta, 42 B.T.A. 933, reversed Commissioner of Internal Revenue v. Mesta, 123 F.2d 986 (C.A.3), cert. denied 316 U.S. 695, 62 S.Ct. 1290, 86 L.Ed. 1765, that in a divorce case "the wife's rights to maintenance and support and to share in the husband's estate in the event of his death are dependent upon so many uncertain factors and are of such a nature as to make it impossible to ascribe to them a 'fair market value' as required by the statute."

A review of the "uncertain factors" specifically referred to by Judge Miller is set forth in 42 B.T.A. 940 as follows:

"* * * there is substantial merit in petitioner's contention that it is impossible to evaluate the rights received by him. What is the measure of the value of the wife's right to maintenance and support? It is dependent upon many factors— the financial success or failure of the husband, his generosity, the thrift or acquisitiveness of the wife, the length of life of both parties, the rise and fall of markets, * * *. And how shall we evaluate the statutory right of a 57-year old wife to share in the estate of her 45-year old husband? It is also dependent upon many factors—the value of the husband's property at death, the number of issue then living, and the death of the husband prior to the death of the wife, to mention some of them. Borrowing the language of Mr. Justice Brandeis in Humes v. United States, 276 U.S. 487 [48 S.Ct. 347, 72 L.Ed. 667]: 'Neither taxpayer, nor revenue officer—even if equipped with all the aid which the actuarial art can supply—could do more than guess at' it. We are of the opinion that the impossibility of evaluating the rights received by the husband constitutes an insurmountable obstacle to the application of section 22(e) in conjunction with section 111(b), supra."

To further emphasize the impossibility of evaluating what is received by a husband in a divorce settlement, in terms of "fair market value" as required by the statute, Judge Miller then points to some additional factors not mentioned in the Mesta opinion. He refers to "emotional items" that were present in Marshman and that so often exist during negotiations of property settlements in divorce cases, frequently causing the parties to lose sight of values and make concessions under tensions and conditions that must not be permitted to play a part when "fair market value" is established by the legally defined willing buyer and willing seller, neither being under any compulsion to buy or sell.

In Marshman, both the "emotional items" present in Marshman and the "uncertain factors" outlined in Mesta combined to form an insurmountable obstacle to the measurement of the fair market value of whatever was received by the taxpayer husband, and since "Congress did not intend nor authorize that the measurement of taxable gain be made in any other way" it was held that such economic gain as existed was not taxable under the statute.

The only difference between the essential facts in Marshman and the present case is that the transfer of the appreciated assets was ordered by a judgment of a divorce court in contested proceedings and was not the result of an agreement between the taxpayer and his wife incorporated in a divorce decree. However, it is not believed that this difference is material. See Commissioner of Internal Revenue v. Halliwell, 131 F.2d 642 (C.A. 2). And conceding that there were no

"emotional items" to influence the judgment of the divorce court certainly all the "uncertain factors" outlined in Mesta were present and they alone, as they were in Mesta, are sufficient to prevent the measurement of the fair market value of whatever the taxpayer husband received upon transfer of his stock to his divorced wife. This position is also an answer to the government's contention that the recent case of United States v. General Shoe Corporation, 282 F.2d 9 (C.A.6, 1960) limits the decision in Marshman by restricting it to cases where "emotional items" are present to prevent measurement by fair market value of property received by a taxpayer in exchange for the transfer of appreciated assets.

For the reasons stated a deficiency should not have been assessed under the facts of this case.

Counsel for the plaintiffs will tender judgment on notice.