LAVAR M. WITHERS AND MARLENE WITHERS, PETITIONERS *V.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8234-76.   Filed March 8, 1978.

*Gary J. Jensen,* for the petitioners.
*S. Clay Freed,* for the respondent.

OPINION

GOFFE, *Judge:* The Commissioner determined a deficiency in petitioners' Federal income tax for the taxable year 1973 in the amount of $3,811.53. Due to concessions, two issues remain for our decision:

(1) Whether petitioners' charitable contribution of stock having a basis in excess of fair market value will support a charitable contribution deduction pursuant to section 170, I.R.C. 1954,[1] equal in amount to petitioners' basis in the stock; and

(2) Alternatively, whether the same contribution will support both a loss deduction under section 165 and a charitable

---

[1] All section references are to the Internal Revenue Code of 1954, as amended.

contribution deduction under section 170 equal in sum to petitioners' basis in the stock.

All of the facts have been stipulated. The stipulation of facts and the exhibit attached thereto are incorporated by this reference.

LaVar M. and Marlene Withers, husband and wife, filed their joint Federal income tax return for the taxable year 1973 with the Internal Revenue Service Center, Ogden, Utah. Petitioners resided in Rexburg, Idaho, at the time they filed their petition in this proceeding.

During 1973, petitioners contributed shares of corporate stock to the Church of Jesus Christ of Latter-Day Saints. Petitioners had an aggregate basis in the shares of $10,646.31. At the date of contribution, however, the fair market value of the shares was only $3,520.25 and the basis for each share of stock exceeded its fair market value.

In the schedule of itemized deductions appended to petitioners' 1973 tax return, a $10,646.31 deduction was taken for contributions other than cash. An accompanying note titled "Other—Stock to LDS Church" substantiated the amount of the deduction by listing each stock contributed, the number of shares contributed, and petitioners' tax cost basis in the shares.

The Commissioner, in his statutory notice of deficiency, limited petitioners' charitable contribution deduction to $3,520.25, which was the fair market value of the stock on the date of contribution.

Petitioners assert that they are entitled to a deduction or deductions equal in amount to their aggregate basis in the property contributed. Petitioners' assertion is based on two alternative grounds: (1) The section 170 charitable contribution deduction; and (2) the section 165 loss deduction in conjunction with the section 170 charitable contribution deduction.

Respondent contends that petitioners' charitable contribution deduction is limited to the fair market value of the property transferred and that no deductible loss is created by the contribution. We agree with respondent.

Petitioners initially argue that the amount of their charitable contribution deduction was reported properly as their tax cost basis in the stock contributed. They assert that the amount of the deduction should reflect both the unrealized depreciation in

stock value and the fair market value of the stock. No statutory authority or prior case law is cited to support this assertion.

Respondent directs us to section 1.170A–1(c)(1), Income Tax Regs., which provides that, subject to any section 170(e) modification, the measure of a charitable contribution is the fair market value of the contributed property. We have long agreed that the measure of a charitable contribution of property should be the fair market value of such property. *Fargason v. Commissioner*, 21 B.T.A. 1032 (1930). Petitioners do not challenge the propriety of this well-established general rule. Nevertheless, they argue that they may deduct the unrealized depreciation in stock value as a charitable contribution.

The regulation cited above sets forth the fair market value rule but alludes to a statutory modification of that rule, section 170(e), which reduces the charitable contribution deduction for specified contributions of property having fair market value in excess of basis. The reduction mechanism of section 170(e) is based on a constructive sale premise. The deduction otherwise allowable is reduced by an amount that would offset the taxable gain that the property would have generated if it had been sold.

Section 170(e) internally approximates the effect of a sale followed by donation of the proceeds. Petitioners' argument for an increased deduction under section 170 calls for a similar process. Mechanically, petitioners would arrive at the reported deduction by augmenting the fair market value of the stock by the excess of stock basis over fair market value. The augmentation would cause the charitable contribution deduction to reflect the loss that would have been sustained by petitioners had they sold the stock for its fair market value on the date of contribution and donated the proceeds. Section 170(e) reduces the charitable contribution deduction to account for unrecognized gain; petitioners would have us similarly increase the deduction to account for their unrecognized loss.

The general rule applicable to charitable contributions allows taxpayers a deduction equal to the fair market value of the property contributed. Congress limited that general rule when it enacted section 170(e), the explicit purpose of which is the reduction of tax benefits incident to certain contributions of appreciated property. H. Rept. 91–413 (1969), 1969–3 C.B. 200, 235. Congress provided us with no further modification of contrary purpose that would allow an increased deduction under

section 170 to taxpayers who contribute stock with basis in excess of fair market value. We will not change that result here.

Petitioners alternatively argue that if they are entitled to a charitable contribution deduction under section 170 equal only to the fair market value of the stock when contributed, then they are also entitled to a loss deduction under section 165 equal in amount to the difference between stock basis and fair market value. As was true for petitioners' first argument, no issue is raised regarding allowance of a charitable contribution deduction equal in amount to the fair market value of the stock when contributed. Here we must decide only whether petitioners also are entitled to the accompanying loss deduction under section 165.

In support of their position, petitioners have cited *International Freighting Corp. v. Commissioner*, 135 F.2d 310 (2d Cir. 1943), affg. 45 B.T.A. 716 (1941), and its progeny. In *International Freighting*, an employer transferred stock, which had appreciated in value, to employees pursuant to a bonus plan. The employer was allowed a business expense deduction pursuant to section 23(a), I.R.C. 1939, the predecessor to section 162, for the fair market value of the stock and was taxed on the difference between fair market value and basis as recognized gain.

In *United States v. General Shoe Corp.*, 282 F.2d 9 (6th Cir. 1960), revg. an unreported case (M.D. Tenn. 1959, 3 AFTR 2d 433, 59-1 USTC par. 9178), cert denied 365 U.S. 843 (1961), an employer transferred appreciated realty to an employee retirement trust. The employer was allowed a pension trust deduction under section 23(p), I.R.C. 1939, the predecessor to section 404, for the fair market value of the realty and was taxed on the difference between fair market value and basis as recognized gain.

In *A. P. Smith Manufacturing Co. v. United States*, 176 Ct. Cl. 1074, 364 F.2d 831 (1966), cert. denied 385 U.S. 1003 (1967), an employer contributed appreciated stock to an employee pension fund. The employer was allowed an employer contribution deduction under section 404(a) for the fair market value of the stock and was taxed on the difference between fair market value and basis as recognized gain.

In *Tasty Baking Co. v. United States*, 184 Ct. Cl. 56, 393 F.2d 992 (1968), an employer contributed appreciated property to an employee pension trust. Pursuant to section 404(a), the employer

was allowed employer contribution deductions equal in sum to the fair market value of the property and was taxed on the difference between fair market value and basis as recognized gain.

The *International Freighting* line of cases is readily distinguishable from the instant case. The loss recognition issue arises here in conjunction with a charitable contribution deduction. The cited cases decide the gain recognition issue in context with business deductions, and, as would be expected, involve employers who received consideration in return for their contributions. The consideration received, constituting "amount realized" was found to be equal to the fair market value of the property contributed. The amount so realized, when contrasted with basis, yielded the gain realized by the employer. No amnesty from recognition was available and each employer therefore recognized gain. In the instant case, consistent with the charitable contribution concept, petitioners received no consideration in return for their contribution.

Petitioners also direct us to *Estate of Wood v. Commissioner*, 39 T.C. 1 (1962). In *Wood*, we disallowed a charitable contribution deduction and held that taxable gain resulted from an exchange of stock for perpetual care of a cemetery plot. Because perpetual care of a particular plot was ensured, petitioners there received consideration equal to the fair market value of the stock transferred. Contrasting the amount so realized with basis, we held that petitioners there realized gain which had to be recognized. In the case now before us, petitioners received no consideration in return for their charitable contribution.

In sum, our case is one of charitable giving, whereas the cases cited by petitioners involve economically motivated "contribution." The telling distinction between the instant case and cited cases is the amount of consideration received in return for each contribution.

Section 1001 computes gain or loss whenever there is a "sale or other disposition of property." Petitioners' contribution of stock constituted a disposition within the meaning of section 1001. Cf. *Smith v. Commissioner*, 56 T.C. 263 (1971) (where a gift constituted disposition for purposes of section 453(d)); cf. secs. 1245(b) and 1250(d), I.R.C. 1954 (which characterize gifts as dispositions). It is stipulated that petitioners' basis in the contributed stock was $10,646.31. The amount realized by

petitioners under section 1001(b) on the disposition of their stock was zero, as it would be for any charitable contributor who receives no consideration in return for his contribution. The section 1001(a) computation of gain or loss therefore results in a $10,646.31 loss realized by petitioners.

Mechanically, recognition of realized losses is accomplished by deduction. Section 165 governs deduction of losses. Deductions are a matter of legislative grace, and petitioners must demonstrate that their loss comes within the specific section authorizing the deduction. *New Colonial Ice Co. v. Helvering,* 292 U.S. 435 (1934). Petitioners here are unable to do so. Section 165 does not authorize the claimed deduction for two reasons.

First, section 165(a) allows the deduction of losses sustained, not losses realized. Respondent's regulations, here unchallenged, distinguish losses sustained from losses realized for losses arising from dispositions of property. Section 1.1001–1(a), Income Tax Regs., provides in part:

> (a) *General rule.* Except as otherwise provided in subtitle A of the Code, the gain or loss realized from the conversion of property into cash, or from the exchange of property for other property differing materially either in kind or in extent, is treated as income or as loss sustained. * * *

None of the exceptions under subtitle A of the Code are applicable, therefore, petitioners' realized loss is not a "loss sustained," will not support a deduction under section 165, and will not be recognized.

Second, section 165(c) limits recognition of losses by individuals to trade or business losses, losses incurred in transactions entered into for profit, and casualty and theft losses. Petitioners' realized loss fits none of the above criteria.

*Decision will be entered for the respondent.*